# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00019-MR-WCM

| | |
|---|---|
| **LAWRENCE J. KAKENOWASH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ROBERT L. WILKIE,** ) | |
| **Secretary of Veteran Affairs,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 8]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of the Motion to Dismiss; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On December 20, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support

of a recommendation regarding the Motion to Dismiss. [Doc. 21]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The *pro se* Plaintiff timely filed his Objections on January 2, 2020. [Doc. 22].

The crux of the Plaintiff's claims is that his supervisors and co-workers repeatedly mispronounced (and occasionally misspelled) his surname.[1] The question before the Court is whether the Plaintiff has plausibly alleged that these acts constitute discrimination based on the Plaintiff's race and/or religion.

All surnames are a product of the culture from which they arise. For the Plaintiff, his surname is not only a product of his Native American/Lakota Sioux heritage; it also has significant religious meaning within the Plaintiff's system of Native American beliefs. Has the Plaintiff, though, alleged any facts on which it can be plausibly asserted that the mispronunciation of the Plaintiff's name was because of his Native American heritage or the name's

---

[1] The Plaintiff also alleges that some employees occasionally called him "Chief" or "12 Feathers." However, the Plaintiff acknowledges that there was no discriminatory intent in this. [See Doc. 1 at 19]. Instead, the Plaintiff focuses his allegations primarily on the deliberate mispronunciation of his surname.

religious significance, rather than because it was simply hard to pronounce, just as if it were of Polish, Nigerian, Vietnamese or even German derivation? The Plaintiff only alleges that he "*felt* it must be…." [Doc. 1 at 9] (emphasis added). The Plaintiff's subjective feeling, however, is no indication of the speakers' discriminatory intent.

This is the central deficiency in the Plaintiff's pleading. While he is subjectively greatly distressed by the mispronunciation of his name, he fails to allege facts from which there can arise a plausible inference that the actions of his supervisors and co-workers are discriminatory in nature. The Memorandum and Recommendation sufficiently explains this. The Plaintiff, in his Objections, fails to present any basis for disregarding the Magistrate Judge's recommendation.

After careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22] are **OVERRULED**; the Memorandum and Recommendation [Doc. 21] is **ACCEPTED**; the

Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**; and the Plaintiff's claims asserted in this civil action are hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: March 4, 2020

Martin Reidinger
United States District Judge